### 10335.  GRIFFIN v. MAY.

1. The court did not err in overruling the amendment to the defendant's motion for a new trial, or in refusing to set aside the verdict and judgment as therein requested, on the ground that by reason of the breaking down of an automobile in which he was traveling, he was unable to reach the court or communicate with his counsel or the court before the trial of the case.
2. The verdict was authorized by the evidence.

DECIDED JUNE 9, 1919.

Complaint; from city court of Thomasville—Judge W. H. Hammond. January 27, 1919.

*Clifford E. Hay,* for plaintiff in error.

*James L. Dowling, Erle B. Askew,* contra.

BROYLES, P. J. Suit was brought in the city court of Thomasville to recover a balance alleged to be due on the purchase-price of a mule. The case was duly set for trial on Monday morning, January 6, 1919. When the case was called for trial in its order on that date the defendant was not in court, and his sole counsel, who was present, called the defendant and announced to the court that he was without knowledge as to why the defendant was absent, and was without any information on which to base an application for a continuance or a postponement of the case. The court thereupon ordered the case to trial, and the plaintiff testified in his own behalf, and, there being no other evidence in the case and no contradiction of the plaintiff's testimony, the court directed a verdict in favor of the plaintiff for the full amount sued for, and

judgment was entered in accordance therewith. In due time the defendant moved for a new trial on the usual general grounds, and filed an amendment in which he asked the court to grant him a new trial and also to set aside the verdict and judgment, for the alleged reason that he was, without fault or negligence on his part, providentially prevented from attending court. In support of this special ground of the motion an affidavit, signed by the defendant, was submitted, the material portions of which were as follows: "That deponent has a complete and bona fide defense to the suit of the plaintiff in said case, which defense is fully set forth in the plea of the defendant duly and regularly of file in said case, in said court, and that if deponent could have been present at the said trial he would have testified of his own knowledge to the facts constituting the said . defense. That this deponent was not present at the said trial, as he desired to be and as he endeavored to be, and the sole reason for and cause of his said absence was providential hindrance and circumstances wholly and absolutely beyond the control of this deponent, as follows: During the week before the trial of said case, deponent being in Decatur county, Georgia, on business, between forty and fifty miles from Thomasville, and knowing that the said case was assigned for trial on Monday, the 6th day of January, 1919, he started from the town of Jakin, in said county of Decatur, in an automobile to Thomasville on Sunday, the 5th. day of January, 1919, expecting and having the right to expect, by such means of conveyance, to reach Thomasville, Georgia, before the opening of court on the morning of January 6, 1919. The roads over which deponent were travelling are fair, and by the said means of conveyance it should not have taken and does not usually take more than two or three hours to make the trip, and but for an unusual and unexpected occurence deponent so started to Thomasville in plenty of time to have made the trip three or four times. While on the way, however, and while deponent was still 25 or 30 miles from Thomasville and ten miles from any railroad or any means of any communication with his counsel or the court before the said case could and would be reached for trial, his said automobile broke down and refused to run, leaving this deponent where it was physically impossible for him to get to the said court in time for the trial of the said case, or communicate with the court

or his counsel in said case until after the said case had been tried in the absence of this deponent, and had resulted in a verdict and judgment in favor of the plaintiff and against this deponent for the full amount sued for. Said case was called for trial in the city court of Thomasville on the morning of January 6, 1919, and deponent's sole counsel in the case, namely C. E. Hay, Esq., could not and did not make any motion for a continuance or for a postponement of the case, for the reason that deponent's said counsel did not know and could not know the cause of the absence of this deponent, and was not then and there in position to make any legal showing, all of which was the natural result of the circumstances then surrounding this deponent as above stated. When this deponent finally arrived at said court in the afternoon the case had already been tried, and a verdict and judgment had already been rendered as aforesaid. Deponent further says that he had previously filed a meritorious defense in said case, which if supported by evidence would have relieved him from any liability under the plaintiff's suit, and would have entitled him to a judgement against the plaintiff, and that the chief object and purpose of this deponent in so endeavoring to attend the said trial was to testify to the facts constituting the said defense, and that if this defendant could have attended the said trial he would have testified to the said facts; and that if the said verdict and judgment are set aside, this deponent now expects to attend the next trial of said case and to testify to the facts constituting the said defense. For these reasons this deponent prays that the said verdict and judgment be set aside."

1. In our opinion it is not shown that the defendant, by the exercise of due diligence, could not have arrived at the court before his case was called. The case was not called until Monday morning. Some time on Sunday, the preceding day (it may have been early Sunday morning), the defendant was within 25 or 30 miles of Thomasville and within 10 miles of a railroad, when his automobile "broke down and refused to run." It does not affirmatively appear, as it should, that he could not have telephoned from some farm-house, or other place, to the court or his counsel, or that he endeavored to get another conveyance, or a riding animal, from some farm-house or elsewhere, or that he could not have walked the ten miles to the railroad and boarded a train there which would have carried him to Thomasville in

time, or that he could not have walked the entire 25 or 30 miles to Thomasville before his case was called, no physical disability of the defendant as a pedestrian being shown, and it being alleged. that the roads were "fair." The trial judge, in view of the facts shown and the failure to show others in the affidavit submitted, did not abuse his discretion in overruling the amendment to the motion for a new trial, or in refusing to set aside the verdict and judgment as therein requested. The *facts* given in the movant's affidavit were insufficient to support his mere conclusion therein stated that "it was physically impossible for him to get to the said court in time for the trial of the said case, or communicate with the court or his counsel in said case, until after the said case had been tried."

In *Wright* v. *Bank of S. W. Ga.,* 13 *Ga. App.* 347 (79 S. E. 184), cited and relied on by counsel for the plaintiff in error, the defendant was unable to attend the court on account of serious illness, the affidavit of her attending physician stating that she was unable to leave her home for any purpose whatever. That case is quite different from the case before us.

2. The direction of the verdict in this case is not excepted to; and the verdict itself being amply authorized by the evidence, the court did not err in overruling the general grounds of the motion for a new trial.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*